UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

**FILED
CLERK**

7/16/2021 4:30 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

                        Plaintiff,                          **ORDER**

                                            Civ. No. 20-cv-03683(JS)(JMW)

            -against-


JESSICA PAYNE, Individually and as Administrator
of the ESTATE OF GISELLE ALEXANDRIA
BOLLMAN, SABINE ASSMUS, KIRSTEN ASSMUS,
and ERUFADICA KEMA a/k/a EDICA KEMA,


                        Defendants.
-----------------------------------------------------------------X
**WICKS,** Magistrate Judge:

        Plaintiff, The Prudential Insurance Company of America ("Prudential"), as a disinterested

stakeholder, brought this Interpleader action pursuant to Fed. R. Civ. P. 22, Fed. R. Civ. P. 67,

and 28 U.S.C. § 1335, over the proceeds of a life insurance policy, the benefits of which are

being disputed by Defendants, Jessica Payne, Individually and as Administrator of the Estate of

Giselle Alexandria Bollman, Sabine Assmus, Kirsten Assmus, and Erufadica Kema a/k/a Edica

Kema. (DE1). Before the Court at this time is the joint application for interpleader relief to

discharge Prudential and deposit the sums in Court pending resolution of the underlying dispute.

## I.      BACKGROUND

### A. Factual Background

        Prudential issued a group policy, G-22275, to DZ Bank AG, and Wolfgang Bollman was

an eligible employee insured under the subject policy. (De 1.) Upon Mr. Bollman's death, his

wife and beneficiary, Gisselle Bollman, opted to place the policy's death benefit in a Prudential

Alliance Account. *Id.* Prudential opened and funded the Alliance Account and named Ms.

1

Bollman as the owner of the account.  *Id.*  Over a period of years, Ms. Bollman submitted various Information Request forms changing the beneficiaries of the Alliance Account, including a July 29, 2014 request to designate Defendants, Sabine Assmus (cousin-in-law), Kirsten Assmus (cousin-in-law), and Jessica Payne (first cousin), as beneficiaries entitled to 60%, 20%, and 20% of the Alliance Account proceeds, respectively.  (DE 1, Ex. C.)  On May 16, 2016, Ms. Bollman submitted another Information Request form and designated Defendant Sabine Assmus and Defendant Jessica Payne as co-Primary beneficiaries, each entitled to 50% of the Alliance Account proceeds.  (DE 1, Ex. D.)

Ms. Bollman died on April 18, 2018, at which time the Alliance Account proceeds became due to a beneficiary or beneficiaries, a fact which Prudential does not dispute.  (DE 1, Ex. E.)  On May 16, 2018, Ms. Bollman's sister, Edica Kema, wrote a letter to Prudential wherein she contested the validity of the most recent beneficiary designation alleging that it was made as a result of fraud/undue influence and that Ms. Bollman had been suffering from dementia.  (DE 1, Ex. F.)  Subsequently, Defendants, Jessica Payne and Sabine Assmus asserted claims to the balance of the Alliance Account (DE 1, Ex. G; DE 1, Ex. H.)  Ms. Kema then advised Prudential that she initiated a proceeding in Surrogate's Court of the State of New York, Queens County, to challenge the validity of the May 2016 beneficiary designation and to file an application for letters of administration for Ms. Bollman's estate.  (DE 1, Ex. I.)[1]

Prudential asserts that it is ready, willing, and able to pay the Alliance Account balance ($72,149.41 as of March 2, 2021, plus the applicable accrued interest at the time of distribution), but that until the Court determines the validity of the May 2016 designation, Prudential cannot determine who is entitled to the balance of the Alliance Account.  Accordingly, Prudential

---

[1] The August 10, 2018 letter also notes that a separate proceeding was commenced in Stamford, Connecticut Probate Court related to Ms. Bollman's estate.

brought this action pursuant to Fed. R. Civ. P. 22 and 67, as well as 28 U.S.C. § 1335, to deposit the subject funds with the Registry of the Court for subsequent disbursement.

### B. Procedural Background and the Present Joint Motion

Prudential initially moved for interpleader relief on March 29, 2021.  (DE 30.)  The then-assigned Magistrate Judge deferred ruling on the motion because a settlement conference was scheduled for April 21, 2021.  (DE 33.)  The case did not settle, but the parties agreed to confer and decide whether they would consent to Prudential's withdrawal from the case and deposit of funds.  *Id*.  Upon this case being re-assigned to the undersigned, the parties appeared for a conference on June 10, 2021, and advised the Court that the parties agreed in principle to Prudential's withdrawal from the case and deposit of the funds.  (DE 35.)  The Court denied Prudential's motion (DE 30) with leave to renew if the agreement was not executed by July 9, 2021.  *Id*.  An agreement was not executed, but Prudential filed the instant *joint* Motion for Interpleader Relief on June 28, 2021, requesting the Court to permit Prudential to interplead the life insurance proceeds from the Alliance Account, directing the Clerk to deposit the proceeds into an interest-bearing account, discharging Prudential from the present action, directing Defendants to release all claims they might otherwise have against Prudential with respect to the subject life insurance proceeds, and a permanent injunction enjoining any of the parties to this action from commencing any other actions or proceedings seeking payment of the interpleader funds.

## II.    DISCUSSION

### A.  Statutory Interpleader

The purpose of an interpleader – an equitable device – is to afford protection to a stakeholder from "double liability or vexatious, conflicting claims." *Bank of NY v. First Millennium, Inc.,* 607 F.3d 905, 922 (2d Cir. 2010).  "Whether statutory or under Rule 22, interpleader is designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit." *Fidelity Brokerage Services, LLC v. Bank of China*, 192 F.Supp.2d 173, 177 (S.D.N.Y. Mar. 18, 2002) (citing *Washington Elec. Coop. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993); *see also New York Life Ins. Co. v. Apostolidis*, 841 F. Supp.2d 711, 715 (E.D.N.Y. Jan. 24, 2012). [2]   Courts use a two-step approach to evaluate an interpleader action. *Hartford Life Insurance Company v. Simonee*, No. 14-CV-7520(SJF)(ARL) 2015 WL 8490998, at *2 (E.D.N.Y. Dec. 10, 2015) (citing *Metropolitan Life Insurance Company v. Mitchell*, 966 F.Supp.2d 97, 102 (E.D.N.Y. May 13, 2013). First, the Court must determine whether the jurisdictional requirements of § 1335 have been met, and if they have been met, the Court discharges the plaintiff from liability.  *Apostolidis*, 841 F. Supp.2d at 717.  Second, the Court adjudicates claims among the remaining adverse parties.  *Id*.  For purposes of resolving the instant motion, the Court need only address the first step.

---

[2] "Rule 22 of the Federal Rules of Civil Procedure is merely a procedural device; it confers no jurisdiction on the federal courts [and] [t]hus, an interpleader action brought under Rule 22 must fall within one of the general statutory grants of federal jurisdiction, either federal question or diversity jurisdiction." *Hartford Life Insurance Company v. Simonee*, No. 14-CV-7520(SJF)(ARL) 2015 WL 8490998, at *2 (E.D.N.Y. Dec. 10, 2015) (internal quotations and citations omitted).  As set forth herein, Prudential's case clearly satisfies the jurisdictional requirements pursuant to 28 U.S.C. § 1335 and the Court therefore, need not analyze whether a federal question is implicated.

To determine whether an interpleader is appropriate under the first step, the Court must first ensure that the plaintiff has met the jurisdictional requirements pursuant to 28 U.S.C. § 1335: the amount in controversy must be $500 or more, and the action must involve two or more adverse claimants of diverse citizenship. *Metropolitan Life Insurance Company*, 966 F.Supp.2d 97 at 102. Section 1335 only calls for minimal diversity, meaning diversity of citizenship between two or more claimants, and other claimants may be co-citizens. *Id*. If the jurisdictional requirements are met, the Court will discharge the plaintiff from liability if the plaintiff has a real and reasonable fear of double liability or vexatious, conflicting claims, regardless of the merits of the competing claims. *Id*. (citing *Washington Elec. Coop*, 985 F.2d at 679 and *Fidelity Brokerage Services, LLC*, 192 F.Supp.2d at 178). "A court is not required to assess the merits of the competing claims in determining whether interpleader is appropriate because 'the stakeholder should not be obliged at its peril to determine which of two claimants has the better claim.'" *Locals 40, 361 & 417 Pension Fund v. McInerney*, No. 06-CV-5224 (JfK), 2007 WL 80868, at *3 (S.D.N.Y. Jan. 9, 2007) (quoting *John Hancock Mut. Life Inc. Co. v. Kraft*, 200 F.2d 952, 954 (2d Cir. 1953).

### B. Whether the Jurisdictional Requirements of 28 U.S.C. § 1335 Are Satisfied

Prudential has satisfied the jurisdictional requirements of 28 U.S.C. § 1335. First, the proceeds of the policy in controversy are $72,149.41 (as of March 2, 2021), which exceeds the $500 minimum requirement. (DE 38.) Second, there are two or more adverse claimants of diverse citizenship: Ms. Kema is domiciled in New York (DE 10 Sabine Assmus and Kersin Assmus are domiciled in Germany (DE 17); Defendant Jessica Payne is domiciled in California (DE 15). As set forth above, Defendants assert competing and adverse claims as to who is entitled to the subject funds, and Ms. Kema has questioned whether Ms. Bollman was competent to execute the Information Request forms changing the beneficiaries. "This is precisely the

situation for an interpleader action, which requires a plaintiff to allege "a real and reasonable fear of double liability or vexatious, conflicting claims against the single fund, regardless of the merits of the competing claims." *Apostolidis*, 841 F.Supp.2d at 717-18 (internal quotations and citations omitted). "Thus, the fact that multiple claims have been asserted for the [ ] Benefits is the very reason that an interpleader action is appropriate . . . " *Id*. at 718. Prudential's interpleader action is therefore appropriate.

**D.      The Parties' Joint Requests for Relief**

The parties jointly request this Court to permit Prudential to deposit the subject life insurance funds of the Alliance Account with the Clerk of the Court. Because all of the jurisdictional requirements of § 1335 have been met, that application is granted and Prudential is directed to deposit the total sum of $72,149.41 plus the applicable accrued interest since March 2, 2021, with the Court registry in an interest bearing account within twenty days of the date of this Decision and Order. *See Apostolidis*, 841 F. Supp.2d at 719 (directing a plaintiff that met all jurisdictional requirements of § 1335 to deposit the total sum of disputed insurance proceeds with the Court registry in an interest-bearing account).

The parties also jointly request that Prudential be discharged from the present action. In an interpleader action, the court "may discharge the plaintiff from further liability, may enter a permanent injunction restraining the claimants from proceeding in any state or Untied States court in a suit to affect the property, and may make all appropriate orders to enforce its judgment." *Locals 40, 361 & 417 Pension* Fund, 2007 WL 80868, at *3 (citing 28 U.S.C. § 2361); *see also Mendez v. Teachers Insurance and Annuity Association and College Retirement Equities Fund*, 982 F.2d 783, 787 (2d Cir. 1992) (finding that pursuant to § 2361, a district court may discharge the stakeholder in any civil interpleader action from further liability to claimants).

"Generally, once an interpleader plaintiff has satisfied the Section 1335 jurisdictional requirements of an interpleader claim, [t]he court should readily grant discharge of the stakeholder, unless it finds that the stakeholder may be independently liable to a claimant or has failed to satisfy the various requirements of interpleader, including, when required, deposit of the stake." *Apostolidis*, 841 F.Supp.2d at 720 (internal citation omitted); *Hartford Life Insurance Company*, 2015 WL 8490998, at *3 ("If the court is satisfied that both the jurisdictional requirements have been met and interpleader is an appropriate remedy, then the plaintiff-stakeholder is discharged from liability"). A disinterested stakeholder, like here, should be discharged unless there are serious charges that the action was brought in bad faith. *See New York Life Ins. Co. v. Connecticut Dev. Auth.,* 700 F.2d 91, 96 (2d Cir. 1983). Those do not exist here.

Accordingly, the Court finds that Prudential is a neutral stakeholder that has satisfied the jurisdictional requirements under § 1335 and there is no indication that Prudential is independently liable to any claimant. Once the interpleader funds are deposited, Prudential is directed to notify the Court and submit a proposed order releasing and discharging Prudential from any further liability to any party in this action or arising out of the subject life insurance policy that was issued to Wolfgang Bollman. *See* 28 U.S.C. §§ 1335, 2361; Fed. R. Civ. P. 67.

As for the parties joint request for a permanent injunction, "Section 2361 enables a party meeting the requirements of Section 1335 to obtain a restraining order without following the procedures set forth in Rule 65, Fed. R. Civ. P., which normally governs the issuance of injunctive relief." *Sotheby's, Inc. v. Garcia*, 802 F.Supp. 1058, 1066 (S.D.N.Y. 1992). As the Court noted in *Apostolidis* at 720, "a permanent injunction restraining the four Defendant[s] from continuing or bringing any suits against [Prudential] with regard to the [life insurance benefits] at

issue is necessary to protect [Prudential] from overlapping lawsuits and to ensure the effectiveness of the interpleader remedy.  *See also Metropolitan Life Insurance Company v. Mitchell*, 966 F.Supp.2d 97, 104 (E.D.N.Y. May 13, 2013).  Thus, the (*joint*) request for a permanent injunction is also granted.

## III.     CONCLUSION

Based on the foregoing, Plaintiff is directed to deposit the sum of $72,149.41, plus the applicable accrued interest at the time of distribution, with the Court registry in an interest-bearing account within twenty days of the date of this Order.  Upon payment of the funds with the Clerk of the Court, Prudential is directed to notify the Court and submit a proposed order releasing and discharging Prudential from any further liability to any party in this action or arising out of the subject life insurance policy.  Defendants are enjoined pursuant to 28 U.S.C. § 2361 and 28 U.S.C. § 1335 from instituting any action or other proceeding in any state or United States court affecting the subject matters involved in this interpleader action.

Dated: Central Islip, New York
      July 16, 2021

**SO ORDERED:**

/S/ *James M. Wicks*
     JAMES M. WICKS
   United States Magistrate Judge