```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

                    Plaintiff,                       ORDER

                                                     20-cv-03683(JS)(JMW)
           -against-


JESSICA PAYNE, Individually and as Administrator
of the ESTATE OF GISELLE ALEXANDRIA
BOLLMAN, SABINE ASSMUS, KIRSTEN ASSMUS,
and ERUFADICA KEMA a/k/a EDICA KEMA,

                    Defendants.
-----------------------------------------------------------------X
```

**WICKS,** Magistrate Judge:

This interpleader action was commenced pursuant to Fed. R. Civ. P. 22, Fed. R. Civ. P. 67, and 28 U.S.C. § 1335, over the proceeds of a life insurance policy, the benefits of which are being disputed by Defendants, Jessica Payne, Individually and as Administrator of the Estate of Giselle Alexandria Bollman [sic], Sabine Assmus, Kirsten Assmus, and Erufadica Kema a/k/a Edica Kema. (DE 1). Before the Court is *pro se* Defendant Payne's motion (DE 67), (1) to compel Defendant Kema to answer questions during her continued deposition regarding Kema's relationship with her deceased sister, Giselle Bollmann, whose beneficiary designations are the subject of this action, and (2) for sanctions against Defendant Kema in the form of costs, for the fee of retaking her deposition. Defendant Kema opposes the motion. (DE 70.) For the reasons that follow, Defendant Payne's motion is granted in part and denied in part.

I. **BACKGROUND**

On July 16, 2021, the Court granted the parties' joint application (DE 38) for interpleader relief to discharge Prudential and deposit the subject sums in Court pending resolution of the underlying dispute. (DE 39.) Prudential was accordingly dismissed from this action. (DE 43.) On July 20, 2021 a Settlement Conference was held before the undersigned and Defendants Sabine Assmus and Kirsten Assmus settled

out. (Electronic Order dated July 20, 2021; DE 55.) The only remaining claims are between *Pro se* Defendant Jessica Payne, Individually and as Administrator of the Estate of Giselle Alexandria Bollman [sic], and Defendant Eurfadica Kema a/k/a Edica Kema.

On August 19, 2021, the Court issued a Scheduling Order which set the fact discovery deadline as October 30, 2021. (DE 44.) On November 2, 2021, the Court granted Defendant Payne's request (DE 48) for an extension of time to complete fact discovery. (Electronic Order dated Nov. 2, 2021.) On December 29, 2021, Defendant Payne made another motion for an extension of time to complete discovery.[1] (DE 63.) Defendant Payne sought the extension in part because Defendant Kema agreed to appear for her deposition on December 29, 2021, but when the deposition began, she stated that she could only stay one hour. (*Id.*) The Court granted that motion and extended the end date for fact discovery a *final* time to February 14, 2022. (Electronic Order dated Jan. 6, 2022.)

Defendant Payne now argues that during the one hour of Defendant Kema's first deposition, which she conducted *pro se*, Defendant Kema evaded questions and "refused to answer by providing the same statement, or some variation thereof, repeatedly." (DE 67.) Defendant Payne attached the deposition transcript to her motion and cited specific instances of Defendant Kema's alleged evasive and non-responsive answers. (*Id.*) For example, when Defendant Payne asked Defendant Kema if she ever sued her sister, Defendant Kema repeatedly answered, "I loved my sister and she loved me."[2] (DE 67 at 18-19.) When Defendant Payne asked counsel for Defendant Kema to instruct his client to answer "yes or no," counsel replied that his client answered, and that Defendant Payne can get a judge's ruling. (*Id.* at 19.) When Defendant Payne asked if Defendant Kema had ever involved her sister in a criminal case, Defendant Kema's response was that the question was irrelevant and she repeated, "I loved my sister and she loved me." (*Id.* at 20.)

---

[1] The Court denied Defendant Payne's initial *second* motion (DE 56) to extend the discovery deadlines for failure to meet and confer with Defendant Kema. (Electronic Order dated Dec. 24, 2021.)
[2] Because the deposition transcript was attached directly to the letter motion that Defendant Payne filed, page references refer to the page number within the entire PDF document rather than the page numbers of the transcript itself.

2

Defendant Kema argues that the motion is procedurally defective because Defendant Payne did not meet and confer pursuant to Local Rules 26.4, 37.3, and the undersigned's Individual Rules § 3(A), prior to filing the motion.³ (DE 70.) Kema further argues that she left the deposition after one hour because she had a scheduled COVID-19 test and that if Defendant Payne had chosen an earlier deposition date, the scheduling conflict could have been avoided. (*Id.*) Kema also argues that she answered the questions to the best of her ability under the circumstances. (*Id.*) Last, Kema requests costs for the instant motion, if the motion is denied. (*Id.*)

## II. DISCUSSION

"Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time . . . if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). *See also Phillips v. New York*, No. CV-10-2330 (CBA)(VVP)., 2011 WL 3795068, at *1 (E.D.N.Y. Aug. 26, 2011) (holding that deponent's objections to answering questions about another pending lawsuit against him, based on his attorney's unfamiliarity with the suit and purported irrelevance, were not a basis for direction not to answer); *Johnson v. Schmidt*, No. CV-89-0531., 1992 WL 135237, at *1-2 (E.D.N.Y. May 28, 1992) (ordering plaintiff to appear for second deposition after refusing to answer questions about prior convictions, previous lawsuits, and the subject incident). The court may impose reasonable expenses incurred by a party, on a person who impedes or frustrates the deposition. Fed. R. Civ. P. 30(d)(2); *see also Chawla v. Metro. Oral Surgery Assoc., P.C.*, No. 11-CV-6248 (RRM)(VMS)., 2014 WL 4678023, at *7 (E.D.N.Y. Sep. 19, 2014) (sanctioning attorney who terminated deposition early, which directly violated court's order that set forth timeframe for length of deposition); *Ramos v. Sears/Kmart*, No. 08 Civ. 4969(DF).,

---

³ Upon a review of the deposition transcript, it is apparent that Defendant Payne made multiple efforts to confer with counsel for Kema during the first deposition regarding the subject issues, but to no avail. The Court therefore considers Defendant Payne's motion on the merits.

3

2010 WL 3911487, at *7 (S.D.N.Y. Sep. 13, 2010) (imposing sanctions on counsel for making improper speaking objections, and engaging in uncivil and unprofessional conduct during deposition).

Rule 37(a)(3)(B), permits a party seeking discovery to "move for an order compelling an answer, designation, production, or inspection . . . if . . . a deponent fails to answer a question asked under Rule 30 or 31." Fed. R. Civ. P. 37(a)(3)(B). Rule 37(a)(5)(C), provides that if the motion is granted in part and denied in part, after giving an opportunity to be heard, the court may apportion reasonable expenses for the motion.[4] Fed. R. Civ. P. (a)(5)(C). "The imposition of sanctions under Rule 37 lies within the broad discretion of the district court." *Perros v. Cnty of Nassau*, CV 15-5598 (GRB)(AKT), 2021 WL 4480666, at *7 (E.D.N.Y. Sep. 30, 2021). "Rule 37 is most relevant when a party fails to comply with a court order to produce discovery or fails to produce to an adversary relevant, requested information." *Id.* (internal quotation and citation omitted). In *Perros*, the Court denied sanctions pursuant to Rule 37 because of the mixed results of the motion to compel, but imposed sanctions upon defendants under Rule 30(d)(2) after finding that a further deposition of defendant was necessary as a result defendants frustrating plaintiff's effort to conduct the deposition. S*ee also Ganci v. U.S. Limousine Serv., Ltd.*, CV 10-3027 (JFB) (AKT), 2012 WL 13109965, at *3 (E.D.N.Y. Sep. 28, 2012) (holding that given the mixed results of movant's motion, it was appropriate for each side to pay their own fees).

Here, after the undersigned granted Defendant Payne's prior motion (DE 63) to extend the discovery deadline based on Defendant Kema leaving her deposition after an hour, Defendant Kema agreed to appear for a continued deposition on February 10, 2022. (DE 67.)  Defendant Kema's argument that Payne should have scheduled the deposition on an earlier date to avoid the scheduling conflict that arose is moot, and is also unfounded because Payne could not have anticipated that Kema would all of a sudden require a COVID-19 test on that date. In accordance with Rule 26(d)(1), Defendant Kema is hereby ordered to appear for her continued deposition on February 10, 2022 *as scheduled*, and

---

[4] Defendant Payne did not move pursuant Rule 37(a)(5)(C) in addition to Rule 37(a)(3)(B), but in light of her *pro se* status, the Court considers that corresponding provision of Rule 37 as well.

the deposition shall continue for up to 6 more hours or until Defendant Payne completes her questioning, whichever is sooner.

The parties are directed to comply with 37.3(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and the undersigned's Individual Rules (§ 4.A.), which direct the parties to contact the Court immediately by telephone if contested issues arise during the deposition which the parties are unable to resolve amongst themselves.[5]  E.D.N.Y. R. 37.3(b). In accordance with the above, Defendant Kema is cautioned to avoid non-responsive answers and unfounded objections.

In light of the parties' agreement that Defendant Kema will appear for a continued deposition, Defendant Payne's application for fees pursuant to Rule 30(d)(2) is denied with leave to renew after the deposition takes place.  The Court denies Defendant Payne's application for fees to the extent she intended to move pursuant to Rule 37(a)(5)(C), for fees relative to the instant motion.  Defendant Kema's request for fees pursuant to Rule 37(a)(5)(C) is also denied.

### III.  CONCLUSION

For the foregoing reasons, Defendant Payne's motion to compel is granted to the extent that Defendant Kema is cautioned that non-responsive answers and ungrounded objections at her continued deposition may result in sanctions, and Defendant Payne's motion for sanctions pursuant to Rule 30(d)(2) is denied without prejudice and with leave to renew after Defendant Kema's deposition on February 10, 2022.  To the extent Defendant Payne intended to recover fees for this motion pursuant to 37(a)(5)(C), that application is denied and Defendant Kema's request for fees under 37(a)(5)(C) is also denied.  The parties are reminded that the final deadline for fact discovery remains February 14, 2022.

---

[5] If such a conflict arises during Defendant Kema's continued deposition, the parties can reach the Court at 631-712-5620.

      Counsel for Defendant Kema is directed to serve Defendant Payne with a copy of this Order and file proof of service on ECF on today's date, February 9, 2022.

Dated:    Central Islip, New York
            February 9, 2022

                                      /s/ *James M. Wicks*
                                        JAMES M. WICKS
                              United States Magistrate Judge